**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEPHEN KELLY,

                              Plaintiff,

    - v -                                      Civ. No. 8:20-CV-722
                                                                  (GLS/DJS)

ALBANY COUNTY PROBATION DEPARTMENT,

                              Defendant.

**APPEARANCES:**                            **OF COUNSEL:**

STEPHEN KELLY
Plaintiff *Pro Se*
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Stephen Kelly. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

## I.  DISCUSSION

### A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis

2

in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The *pro se* Complaint asserts a single cause of action alleging false arrest. Compl. at p. 4.[1] The Complaint relates to events surrounding an alleged probation violation committed by Plaintiff. *Id.* at p. 3. Plaintiff's Complaint alleges that the facts asserted did not support the alleged probation violation. *Id.* The Complaint references an unidentified probation officer, but the sole named Defendant is the Albany County Probation Department. *Id.* at pp. 1 & 3.

### C. Sufficiency of the Pleading

"It is well-settled that municipal departments and offices which have no separate legal identity and cannot sue or be sued are not 'persons' under Section 1983." *Hill v. New York*, 2018 WL 10246976, at *5 (N.D.N.Y. Mar. 1, 2018) (citing cases); *see also Gilmore v. Schenectady Cty. Sheriffs*, 2018 WL 794579, at *4 (N.D.N.Y. Feb. 8, 2018). *Hill* and *Gilmore* both recognize that a county probation department falls into this category of municipal departments that cannot be sued. *Id.* (citing cases). Other courts have reached the same conclusion. *Ceparano v. Suffolk Cty.*, 2010 WL 5437212, at *6 (E.D.N.Y. Dec. 15, 2010); *Coleman v. City of New York*, 2009 WL 909742, at *2 (E.D.N.Y. Apr. 1, 2009) (citing cases). Defendant, therefore, must be dismissed as not a proper party to this action.

---

[1] Citation to page numbers are to page numbers assigned by the Court's CM/ECF system.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The Complaint does reference, but not name, an individual probation officer who might be amenable to suit, although it is unclear whether the Complaint might nonetheless be barred by the rule enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* and its favorable termination rule applies to actions pursuant to section 1983 that challenge the fact or duration of confinement based on the revocation of parole." *Perry v. City of Albany*, 2020 WL 3405636, at *4 (N.D.N.Y. May 6, 2020), *report and recommendation adopted*, 2020 WL 3403080 (N.D.N.Y. June 19, 2020) (internal quotation and citation omitted). Should Plaintiff name a proper Defendant, he may be able to address the *Heck* bar through more detailed pleading regarding the status of his parole revocation, or by demonstrating that his claims do not implicate the invalidity of his parole revocation. *See Heck v. Humphrey*, 512 U.S. at 487. Given Plaintiff's *pro se* status, therefore, the Court recommends that the Complaint be dismissed as to the only Defendant currently named, but that Plaintiff be granted leave to amend to name a proper defendant.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED with prejudice** as to the Albany County Probation Department, but that Plaintiff be provided leave to amend; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 9, 2020
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).