UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN KELLY,

                              Plaintiff,

        - v -                                             Civ. No. 8:20-CV-722
                                                                   (GLS/DJS)
JAMIE BIRDSALL,

                              Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

STEPHEN KELLY
Plaintiff *Pro Se*
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      This action began with the filing of Plaintiff's Complaint on June 29, 2020. Dkt. No. 1, Compl. The sole Defendant named in the Complaint was the Albany County Probation Department. *Id.* Upon initial review of the Complaint, this Court recommended it be dismissed because the Department was not a proper party. Dkt. No. 6. The Court also noted that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) posed a potential bar to the claims made in the Complaint. *Id.*

On July 29, 2020, Plaintiff filed an Amended Complaint. Dkt. No. 7, Am. Compl. The District Court subsequently adopted the Report-Recommendation, dismissed Albany County Probation Department as a Defendant, and referred the Amended Complaint to this Court for review under the applicable standards. Dkt. No. 8. This Court again recommended dismissal, with leave to amend, based on the Amended Complaint's failure to specifically allege facts stating, "the role Birdsall is alleged to have played in the events at issue." Dkt. No. 9 at p. 2. It was also noted that the Amended Complaint still "did not address the question of whether *Heck* bars this action." *Id.* at p. 3. The District Court adopted the Report-Recommendation, dismissed the Amended Complaint, and provided leave to file a second amended complaint. Dkt. No. 11.

Plaintiff's Second Amended Complaint is now before the Court for review. Dkt. No. 12. Plaintiff's present filing, while addressing the basis for Birdsall's alleged involvement, does not fully address the applicability of *Heck*. This could be a basis for dismissal. However, Plaintiff is proceeding *pro se* and "[w]e afford a *pro se* litigant 'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Warren v. Sawyer*, 691 Fed. Appx. 52 (2d Cir. 2017) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "It is also the well-established law of this circuit that *sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. At this early stage of the proceedings and given the uncertainty about whether *Heck* bars this claim, the Court concludes that the Second Amended Complaint warrants a responsive pleading from Defendant. This Order specifically does not address whether Plaintiff's Second Amended Complaint would be sufficient to avoid dismissal upon the filing of a proper motion.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 12) be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue a Summons and forward it along with a copy of the Second Amended Complaint and this Order to the United States Marshal for service upon the Defendant; and it is further

**ORDERED**, that a response to the Second Amended Complaint be filed by Defendant or Defendant's counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District. In accordance with the Local Rules, **Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Date:   April 30, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge